Sconiers, J.
(dissenting). I respectfully dissent in part because I disagree with the majority that the assault and reckless endangerment counts in the indictment were not rendered duplicitous based on the evidence or by County Court’s charge in response to a jury note. I would therefore modify the judgment by reversing the conviction of assault and reckless endangerment and dismissing the second and fourth counts of the indictment with leave to re-present any appropriate charges under those counts to another grand jury (see generally People v Filer, 97 AD3d 1095, 1096 [2012], lv denied 19 NY3d 1025 [2012]). In view of my conclusion, I do not reach defendant’s related contention concerning the denial of effective assistance of counsel.
The indictment alleged, inter alia, that defendant committed assault in the first degree (Penal Law § 120.10 [1]) and reckless endangerment in the first degree (§ 120.25) with “a .380 semi *1267 automatic pistol and a .22 rifle,” and the jury was instructed accordingly. During deliberations, the jurors sent a note that asked, with respect to both the assault and reckless endangerment counts, “must we believe both guns were involved and fired by the defendant.” The court, in discussing the note with counsel, stated that the indictment alleged assault with a deadly weapon and not deadly weapons. As a result, the court subsequently instructed the jury that they could find that “either of the weapons were involved or both, as long as you find that there was a deadly weapon involved.”
With respect to the assault count, this was not a case of a “single, uninterrupted criminal act” (People v Alonzo, 16 NY3d 267, 270 [2011]); rather, defendant engaged in “two distinct shooting incidents that may constitute the crime of [assault]” with two separate weapons, the first of which was interrupted when he returned to his vehicle to retrieve a rifle (People v Boykins, 85 AD3d 1554, 1555 [2011], lv denied 17 NY3d 814 [2011] ; see generally People v Casado, 99 AD3d 1208, 1209 [2012] , lv denied 20 NY3d 985 [2012]). It is the separate “impulses,” not the time interval between the acts, that is dispositive in this case (see People v Okafore, 72 NY2d 81, 87-88 [1988]). Here, defendant used the pistol during the course of a fist fight between the victim, defendant’s passenger, and defendant, after the victim began to get the upper hand. The victim’s fiancée was pushing him back toward their sports utility vehicle (SUV) when defendant fired the last shot from the pistol. Following that initial altercation, after any perceived threat posed by the victim had seemingly subsided, and after defendant stated that he was not afraid to use the pistol, defendant returned to his vehicle, retrieved a rifle from the back seat, and began firing in an apparent attempt to end the victim’s life (see Boykins, 85 AD3d at 1555). Defendant acted on those separate impulses with an “abeyance” between them (People v Hines, 39 AD3d 968, 970 [2007], lv denied 9 NY3d 876 [2007]). Given the evidence at trial and the court’s instruction in response to the jury note about the two weapons, the assault count was rendered duplicitous. “In addition, because the trial evidence establishes two distinct acts that may constitute [assault in the first degree], ‘[i]t is impossible to ascertain . . . whether different jurors convicted defendant based on different acts’ ” (Boykins, 85 AD3d at 1555).
Reckless endangerment can be a “continuing offense” (People v Hernandez, 235 AD2d 367, 368 [1997], lv denied 89 NY2d 1012 [1997]) and, for reckless endangerment in the first degree, “the element of depravity can be alleged by establishing that *1268 defendant engaged in a course of conduct over a period of time” (People v Bauman, 12 NY3d 152, 155 [2009]). Nevertheless, the conduct that allegedly created a grave risk of death must be specific enough to ensure a unanimous jury verdict (see id.-, People v Estella, 107 AD3d 1029, 1031-1032 [2013], lv denied 21 NY3d 1042 [2013]). Here, the testimony was that the victim’s fiancée was in front of the victim when defendant fired the pistol but was able to get into the SUVJ and potentially out of harm’s way, when defendant retrieved and fired the rifle. There was one count and one victim, but two acts, with a seemingly greater risk of death involved with the use of the pistol. Given the court’s response to the jury note, it is not possible to know whether the jurors, individually or collectively, based their verdict upon the use of the pistol, the rifle, or both. Based on defendant’s break to retrieve the rifle, the fiancée’s coinciding change of location, and the court’s amendment of the indictment (see Bauman, 12 NY3d at 155), and “because of the danger that [the] jury . . . vote[d] to convict on a count without having reached a unanimous verdict” (People v First Meridian Planning Corp., 86 NY2d 608, 615 [1995]), the reckless endangerment count was rendered duplicitous.
Finally, the court failed to mitigate the danger that defendant was convicted on a less than unanimous verdict by neglecting to instruct the jury that they all must agree on the act or acts by which defendant injured the victim with a deadly weapon and created a grave risk of death to the victim’s fiancée (see generally People v Bradford, 61 AD3d 1419, 1420-1421 [2009], affd 15 NY3d 329 [2010]; First Meridian Planning Corp., 86 NY2d at 616). Present — Scudder, EJ., Fahey, Sconiers and Valentino, JJ.